# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

TONY ALLEN PRESSLER,

Plaintiff,

v.

NEVADA, STATE OF, *et al.,*

Defendants.

Case No. 3:20-cv-00675-MMD-CLB

ORDER

On December 4, 2020, Defendants filed a petition to remove this case from the Fourth Judicial District Court of the State of Nevada to the Federal District Court for the District of Nevada pursuant to 28 U.S.C. § 1441(b). (ECF No. 1.) Defendants' petition for removal was based on the presence of a federal question due to Plaintiff Tony Allen Pressler's brief reference to 42 U.S.C. § 1983 in his complaint. (*Id.* at 2.)

Because it was not entirely clear from the complaint what claims Pressler was bringing, the Court issued an order to show cause directing Defendants to show cause as to why this case should not be remanded to state court for a lack of subject matter jurisdiction. (ECF No. 6.) The order to show cause provided that Pressler could file a response within 15 days of Defendants' filings. (*Id.*)

Defendants filed a response to the order to show cause arguing that although Pressler's claims were not clear, the factual allegations, together with the explicit reference to 42 U.S.C. § 1983, suggested that Pressler was attempting to bring constitutional claims. (ECF No. 8.) Pressler did not file any response.

On April 5, 2021, the Court screened Pressler's complaint pursuant to 28 U.S.C. § 1915A. (ECF No. 10.) The Court determined that Pressler's claims appeared to be duplicative of a previous case filed in this Court and the screening order directed Pressler to show cause as to why this case should not be dismissed as duplicative of his previously filed case. (*Id.*)

| | |
|---|---|
|1| Pressler has filed a response in which he indicates that the reference to 42 U.S.C. § 1983 in his first amended complaint was made in error and that he has filed a second amended complaint in state court which clarifies that he is not invoking jurisdiction under 42 U.S.C. § 1983. (ECF No. 12 at 1.) Pressler attached his seconded amended complaint, and it states that Pressler is bringing "a state tort claim." (*Id* at 3.) |

In light of Pressler's clarification that he is only bringing state law tort claims, and that the reference to 42 U.S.C. § 1983 was made in error, the Court finds that there is no federal question presented in this case, and the Court does not have subject matter jurisdiction over this case. Under 28 U.S.C. § 1447(c), following removal of a case from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Accordingly, the Court administratively closes this action and remands this case back to the Fourth Judicial District Court of the State of Nevada.

For the foregoing reasons, the Clerk of the Court is directed to administratively close this case and remand this action back to state court.

DATED THIS 17th Day of May 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE